The Supplemental Opinion below is hereby signed.
Dated: May 24, 2005.

_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                                  )
                                       )
GREATER SOUTHEAST COMMUNITY            )    Case No. 02-02250
HOSPITAL CORP. I, *et al.*,            )    (Chapter 11)
                                       )    (Jointly Administered)
              Debtors.                 )
_____        )
                                       )
SAM J. ALBERTS, TRUSTEE FOR            )
THE DCHC LIQUIDATING TRUST,            )
                                       )
              Plaintiff,               )
                                       )    Adversary Proceeding No.
         v.                            )    04-10450
                                       )
POTOMAC ELECTRIC POWER                 )
COMPANY,                               )
                                       )
              Defendant.               )

SUPPLEMENTAL OPINION RE DISMISSAL

This supplements the court's oral ruling of April 19, 2005, at the hearing on the motion of the defendant Potomac Electric Power Company ("PEPCO") to dismiss the plaintiff Alberts' Amended Complaint.

I

The court ruled that the Amended Complaint would not relate back under F.R. Civ. P. 15(c)(2).  Accordingly, any claims for which the statute of limitations had expired prior to the filing of the Amended Complaint were untimely.

Supplementing that conclusion, the court notes that the decision in O'Loughlin v. National R.R. Passenger Corp., 928 F.2d 24 (1st Cir. 1991), addressed efforts similar to Alberts' efforts here to have the amended complaint relate back based on evidence extrinsic to the original complaint.  In O'Loughlin, the amended complaint would have replaced the original claim pled (regarding injuries stemming from an accident identified as occurring on one date) with a new claim (regarding injuries stemming from an accident on another date).  The plaintiff O'Loughlin had reported to the defendant railroad company injuries arising from accidents occurring on both dates.  In denying relation back, the court of appeals observed that the original complaint provided no hint that O'Loughlin was attempting to recover on the accident that had occurred on a different date.  The court of appeals held:

> Rule 15(c) confines inquiry to the fact situation "set forth or attempted to be set forth" in the original complaint.  If the original complaint . . . specifies an entirely different factual situation from the amendment, it cannot be said even "to attempt" to set forth the latter.

O'Loughlin, 928 F.2d at 27.  The court of appeals rejected O'Loughlin's argument that correspondence between the parties

2

prior to the date of the original complaint established that the defendant was aware of an additional claim, stating "[i]t is the complaint itself which must provide notice," and rejecting the attempt to use the correspondence because "[e]xtrinsic evidence would be used not just to amplify but to contradict the original complaint on the only point that provides notice of the occurrence on which the complaint is based--the date."  Finally, the court of appeals rejected O'Loughlin's reliance on evidence of counsel's intent to have drafted a complaint suing on the other accident, stating:

> [W]e think these extrinsic materials are not a proper basis for a finding that O'Loughlin "attempted" to set forth the June 8 train collision as the basis of his original complaint, within the meaning of Rule 15(c). While Rule 15(c) reflects the liberalization of pleading requirements in the Federal Rules of Civil Procedure, **we do not think that the rule was intended to allow the question of relation back to turn solely on proof of subjective intent in drafting pleadings.** Rather, we think that the "attempt" language of Rule 15(c) was intended to allow corrections where the details of allegations in the pleading are inaccurately set forth.

O'Loughlin, 928 F.2d at 27 n.6 (emphasis added).

Here, Alberts' original complaint sought to avoid $39,226.53 in payments to PEPCO under 11 U.S.C. §§ 547, 548, and 549, and included an exhibit A which showed the payments by check date, check number, invoices paid, and check amount, the invoices having been to Hadley Memorial Hospital (a hospital run by one of the debtors in the jointly administered bankruptcy cases).  The

3

amended complaint similarly sought to avoid $387,500 in payments, and included an exhibit A which showed payments based on completely different check dates, check numbers, invoices paid, and check amounts, with the invoices having been to Greater Southeast Community Hospital (a hospital run by another debtor in the jointly administered bankruptcy cases).  Based on an objective test, it is plain that Alberts' attempted amendment of the complaint does not assert a claim that "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading" as required by Rule 15(c)(2).  Similar to O'Loughlin, the original complaint gave no hint that Alberts was attempting to recover on payments to PEPCO that related to a different hospital than Alberts identified in the original complaint, and that were based on different checks and amounts than pled in the original complaint.  Under such decisions as Peltz v. CTC Direct, Inc. (In re MBC Greenhouse, Co.), 307 B.R. 787 (Bankr. D. Del. 2004); and New Bedford Capacitor, Inc. v. Sexton Can Co. (In re New Bedford Capacitor, Inc.), 301 B.R. 375, 380 (Bankr. D. Mass. 2003), an attempt to pursue different transfers does not satisfy the Rule 15(c)(2) relation back test.

    Alberts relies on the disclosure statement that accompanied the proposed plan which was eventually confirmed in the case as having put PEPCO on notice that payments on the Greater Southeast

4

account would be pursued.  However, under O'Loughlin, it is the complaint itself which must give notice, and extrinsic evidence is not permitted when it would contradict and not merely amplify the original complaint.

Alberts further relies on evidence that his attorneys intended to pursue the transfers that were made to both Greater Southeast and Hadley.  However, under O'Loughlin, the term "attempted" in Rule 15(c)(2) is not to be applied based on the attorneys' subjective intent.  Rather, the question of what was attempted to be pled is determined by a test of what did the original complaint itself objectively give notice was attempted to be pled.

Finally, Alberts points to a complaint served on PEPCO in another adversary proceeding which was identical to the original complaint in this adversary proceeding and urges that this was sufficient to alert PEPCO that different transfers must have been the goal of this second adversary proceeding.  However, PEPCO could readily and reasonably have concluded that Alberts simply filed the same complaint twice by accident.  As in O'Loughlin, the complaint itself gave no hint that different transfers were being pursued.

                                    II

At the hearing on the motion to dismiss, Alberts conceded that all of the transfers except possibly one were made more than

two years prior to the filing of the amended complaint, and thus would be time-barred by the statute of limitations if the court's ruling regarding relation-back were correct.  Alberts has now acknowledged that the date of the transfer whose transfer date was in question was November 7, 2002, more than two years prior to the filing of the Amended Complaint.  Accordingly, the claim regarding that transfer is barred by the statute of limitations as well.

### III

The parties agreed at the hearing on the motion to dismiss that the court could dismiss without prejudice the claim asserted under 11 U.S.C. § 502(d).  Accordingly, the court will dismiss with prejudice all claims other than the § 502(d) claim.  The court will dismiss the § 502(d) claim without prejudice: Alberts will remain free to object to any of PEPCO's proofs of claim on the basis of § 502(d).  A judgment follows.

>[Signed and dated above.]
>S. Martin Teel, Jr.
>United States Bankruptcy Judge

Copies to: All counsel of record.